By the Court—White, J.
An assignment was made by the defendants, Berry & Smith, copartners, of all their property, to pay, first, the partnership debts with certain preferences, and then to pay the individual creditors of *508 both partners in full, or pro rata, if the surplus-was insufficient to pay in full.
The plaintiffs are copartnership creditors, and bring this action to set aside the assignment, on the ground that it hindered and delayed creditors, and was therefore void. They pray, also, for payment of their own debt, &c. On the trial they waived all allegations of fraud except two, viz:
First, that the assignment purported to assign lands, tenements and hereditaments, and directed the assignees to sell and convert the same into money, with all reasonable despatch, and to pay all rents and assessments due, or to become due on said lands, &c., until they were sold; which direction," the plaintiffs allege, delays and hinders creditors, because, being indefinite as to time and amount of payments to be made for those purposes, it wastes the personal property indefinitely, in payments to be made for taxes, rents and assessments for the improvement of real estate, from which nothing may ever be realized for the creditors; and so postpones, hinders and delays creditors, and wrongfully postpones the distribution of the personal estate among them.
Second, that the assignment directs that after all partnership creditors are paid in full, the individual creditors of both partners shall be paid out of the residue of the partnership fund, share and share alike, without making any provision for the application of the fund to the payment of such creditors, in accordance with the right and interest of each partner in the fund. As the assignment stands, the share of one partner in the surplus fnnd may be applied towards the payment of the individual debts of the other, while some of his own debts may remain unpaid; thus, suppose one partner, A., owes $100 and "the other partner, B., owes $500. The surplus, after paying copartnership debts, may be $200, in which the interest of each partner is equal, viz., $100 for each. The share belonging to A., the partner who owed but $100, would be just sufficient to pay his individual debt, in full. But under the *509 assignment, this $200 of surplus not being sufficient to pay all the individuál debts of both partners, in full, it must be apportioned, pro rata, among the creditors of both, which disposition of it would leave two-thirds of the individual debts of A. unpaid, thus unjustly diverting two-thirds of A.’s share from the payment of his own debts to the payment of the debts of his partner B.
This would be good ground for an individual creditor to ask that the assignment be declared void, as to the distribution which it ordered of the surplus after the payment of the partnership debts, and the assignee would be ordered, upon such application, to apportion the surplus, after the payment of the partnership debts, to and among the individual creditors of the copartners, according to the rights of the respective copartners in such surplus; or, perhaps a receiver of the surplus (if any surplus there should be) might be appointed, and the individual creditor bringing the action to avoid the assignment, so far as it affected the surplus, might obtain thereby a priority in his own favor as to payment out of that surplus. But it would not afford a ground for setting aside the assignment, as to the copartnership property- and the -payment of the partnership debts, in which the individual creditor could have no interest, and by which he could not be in any manner affected. Kor would it afford a ground for a partnership creditor to ask that the assignment be declared void, because the individual debts were in no event to be paid until the partnership debts (his included) were paid in full; and this provision respecting the individual debts could neither hinder, delay nor defraud him; and no creditor but one who is hindered, delayed or defrauded by the particular provision complained of, can demand to have the instrument, upon that account, avoided.
And as to the payment of the rents, taxes and assessments that might come due before the lands, &c., should be sold, it is, I think, to be presumed, in the absence of all proof to the contrary, that this provision was intended in good faith for the benefit of the creditors; that it con *510 templated an increase of the fund by the addition of the avails or proceeds of a sale of the real estate, in which case (that is in the event of a sale of the real estate) the rents, taxes or assessments due at the time of sale, must of necessity be paid; and the direction in the assignment to sell with dispatch, shows that it was not intended to hold the real or leasehold estate unreasonably, or so as to produce a waste or exhaustion of the personal', but that the design was to sell it forthwith.
And I think the assignment being made by the copartners, and purporting to convey all their property, assigned only that which was the joint partnership property, and not any of their- individual property. It did not, therefore, convey the leasehold estate of the partner Berry in his private dwelling house-, and consequently, when the assignment directed the application of the copartnership funds to the payment of rents, &c., it only directed them application to the payment of copartnership rents, and not to the individual rents due, or to come due, for the partner Berry’s bouse.-
The judgment should therefore be reversed, and the plaintiff not claiming to show any other frauds or reasons for avoiding the assignment than those above considered, judgment should be rendered for the defendants, with costs.
Judgment accordingly.