Turner *v.* Jaycox.

---

---

## TURNER *vs.* JAYCOX and others.

An assignment, in trust for the benefit of creditors, of "all the goods, chattels," &c., "and property of every name and nature whatsoever" of the assignor, stated to be "more particularly enumerated and described in a schedule" annexed to the assignment, marked A., operates to transfer to the assignee property not mentioned in the schedule.

A provision, in an assignment executed by partners, for the payment of the private and individual debts of the assignors, out of the residue of the net proceeds of the assigned property, remaining after the payment of all the debts of the partnership, furnishes no evidence of an intention to hinder, delay or defraud creditors.

*It seems,* the legal intendments are all in favor of the validity of assignments in trust for the benefit of creditors, the same as in respect to other instruments.

Where partners assign their joint property only, the assignment only showing on its face, that the partnership is insolvent, not that either of the parties is so individually, there is no presumption of law that either of the partners was individually insolvent, or that their interests in the partnership property, or the amount of their private debts, were unequal.

APPEAL from an order made at a special term, setting aside a nonsuit and granting a new trial. The action was brought to recover damages for the conversion of personal property. The plaintiff claimed to hold the property under an assignment made by Norman Pulver and David C. Pulver, constituting the partnership firm of N. Pulver & Co. to him in trust for the benefit of creditors. The defendants,

Turner *v.* Jaycox.

in their answer, alleged the recovery of a judgment, in an attachment suit commenced by them against N. & D. C. Pulver, upon which an execution was issued and the property sold in the manner required by law, on the 20th of May, 1861; which levy and sale were the acts and grievances complained of by the plaintiff. The defendants further alleged that the pretended assignment by said Pulvers, in trust for the benefit of creditors, under which the plaintiff claimed to have been the owner of said property at the time of the levy of said attachment, was and is wholly fraudulent and void as to the creditors of the said Pulvers, and passed no property or right to the plaintiff as against the said creditors, and the defendants as such: That the said Pulvers, at the time of making of said assignment, were copartners in business, and had been such for a long time previous; and the said property, and the whole of the property attempted to be conveyed to the plaintiff by said assignment, was copartnership property; that said assignment declared certain preferences as to the payment of the debts of the assignors, providing for the payment, first, out of the proceeds of the assigned property, of certain debts, among which were included and enumerated certain private and individual debts of each of the said copartners, and which were by said assignment directed to be paid before the most of the copartnership debts, whereof the debt of the defendants was one. That said assignment, after providing for the payment out of the assigned fund, of the copartnership debts, devotes the surplus remaining, if any there shall be, to the payment of the individual debts of the assignors, and provides that if said surplus shall not prove sufficient to pay the individual debts in full, the said surplus shall be applied to the payment thereof *pro rata*, share and share alike: That said assignment was made for the purpose of hindering and delaying the creditors of the said assignors, and was only colorable, and was intended to enable the assignees to enjoy the avails of the assigned property, and to prevent their creditors from reaching

the same: That after said assignment, the assignors, colluding with the plaintiff, continued to manage, deal with, and control the assigned property, and retained the possession thereof, and that the said assignment was conducted with the same fraudulent intent with which it was made: That in the schedule of debts mentioned in said assignment, and for which provision was made by said assignment, certain pretended, false, fictitious and fraudulent debts were mentioned and provided for in order to enable the assignors by colluding with the persons to whom the same might be paid, to use and control the amounts paid thereon, and the said assigned property, for their own benefit, and to hinder, delay and defraud their creditors: And that Norman and David C. Pulver were, at the time of the levy as aforesaid of said attachment, and at the time of the levy and sale under said execution, the owners of the property mentioned in the complaint, as to the creditors of said Norman and David C. Pulver, and that said property was rightfully and lawfully taken by the sheriff under and by virtue of the attachment, and sold under said execution, as the property of said Norman and David C. Pulver.

The action was tried at the Wayne circuit, in October, 1861, before Hon. E. DARWIN SMITH, a justice of this court, and a jury. The assignment from the Pulvers to the plaintiff, dated April 4, 1861, was given in evidence; also the proceedings and judgment and execution in the attachment suit brought by the defendants against the Pulvers. It was admitted that the property in question was taken and sold by virtue of said attachment and execution. The defendants' counsel admitted that the taking of the goods in question by the sheriff was under the direction of the defendants, and that all of the defendants were liable if any of them were. The defendants' counsel then moved that the plaintiff be nonsuited on the grounds: First, that the assignment did not embrace the goods taken by the defendants. Second, that the assignment was void because it devoted the copartnership

Turner *v.* Jaycox.

property to the payment of the individual debts of each of the copartners, after providing for the payment of copartnership debts, and did not devote that part of the surplus belonging to each individual copartner, to the payment of his individual debts, thus devoting the property to the payment of debts for which it was not liable; and inasmuch as individual creditors could avoid it the defendants could also avoid it. The plaintiff's counsel offered in evidence a schedule of the property claimed to be conveyed by the assignment, and enumerating the property in question, which was filed in the office of the clerk of Wayne county, on the 24th day of April, 1861, in accordance with the statute of 1860, and which embraced and enumerated the several articles of property in question, which was objected to by the defendants' counsel as immaterial. The motion for nonsuit was granted by the court, on the grounds stated for the motion; and the plaintiff excepted. Subsequently the court, at special term, set aside the nonsuit and granted a new trial. The defendants appealed.

*Hunt, Green & Fryer,* for the appellants. The nonsuit was rightly granted.

I. The property, not being contained in schedule " A." did not pass by the assignment. (*Wilkes* v. *Ferris,* 5 *John.* 335. *Moir* v. *Brown,* 14 *Barb.* 39. *Morrell* v. *Fisher,* 4 *Exch. Rep.* 591. *Wood* v. *Rowcliffe,* 5 *Eng. Law and Eq.* 471. *Barton* v. *Dawes, cited in same.* *Roe* v. *Vernon,* 5 *East,* 51. *Doe* v. *Greathed,* 8 *id.* 91. *The United States* v. *Howland,* 4 *Wheat.* 108. *Platt* v. *Lott,* 17 *N. Y. Rep.* 478. *Burchell* v. *Strauss,* 28 *Barb.* 293.) 1. The general words must be limited and controlled by the special description, " *more particularly enumerated and described in the schedule.*" (*Wilkes* v. *Ferris, supra.*) 2. Full effect ought to be given to the whole description; that property is not included which does not answer to both parts of the description. (*Morrell* v. *Fisher, supra. Wood* v. *Rowcliff, supra.*) 3. There

is no expression in the assignment, as in *Platt* v. *Lott*, imply-
ing a desire or intention to pass *all* the property of the assignee.
If the recital of a desire to distribute "their property and
effects among their creditors," could be so understood, yet it
cannot overcome the special terms of the grant. A recital
cannot control the plain words of the granting part of the
deed. (*Huntington* v. *Havens*, 5 *John: Ch.* 22.) 4. This
case is plainly distinguishable from that of *Platt* v. *Lott*, in
having no words expressive of desire, or intention to convey
all the property of the grantors, or any directing the assignee
to take possession of all their property, and in not being an
assignment *without* preference ; assignments with preferences
are not favored. 5. The case of *Wilkes* v. *Ferris*, (*supra*,) is
impliedly, if not expressly, recognized as law, in *Platt* v.
*Lott* and *Burchell* v. *Strauss*. 6. The delivery of possession
cannot help the plaintiff. This question was raised and de-
cided in *Wood* v. *Rowcliff*, (*supra*.) Besides, it would nullify
the law of 1860, requiring assignments to be in writing.
(*Laws of* 1860, 584, *ch.* 348, § 1.) If only delivery of pos-
session, without grant in the assignment, could pass the
property, the door would be opened to fraud.

II. The assignment is fraudulent as to creditors, by reason
of the third provision for disposition of the proceeds. After
payment of the copartnership debts, the individual creditors
of each copartner are entitled to have that share of the sur-
plus remaining, which belongs to him, devoted to the payment
of his debts. But this provision devotes the whole surplus to
the payment *pro rata* of the individual debts of both copart-
ners, without regard to their respective interests in it, or to
the amount of their debts. (*Smith* v. *Howard*, 20 *How. Pr.
Rep.* 121.) 1. It cannot be presumed that the share of each
party in the surplus is the same, or that their debts are equal
in amount. Upon the principle on which presumptions are
made, a contrary presumption must be raised. Even if they,
the partners, shared equally in the profits, or contributed
equally to the capital, it is in the highest degree improbable

Turner *v*. Jaycox.

that the account between them was balanced. 2. Besides, the direction to the assignee as to this surplus is binding upon him in any event, whether the shares of the partners in it are equal or unequal, and whether their debts are equal or unequal in amount. In either case, he has no discretion. 3. It cannot be said that the language of this provision is doubtful in meaning, and should, therefore, be innocently construed. The direction is as plain as words can make it. 4. This provision of the assignment is equally fatal, whether the assignment conveyed individual property or not ; the surplus, after payment of copartnership debts, is the individual property of the partners, so far as concerns its application to the payment of their individual debts. And when they assign it for payment of their individual debts, it is a fraud upon creditors to apply it as this assignment does. 5. But if the assignment is construed so as to pass property not mentioned in the schedule., then the general terms are broad enough to embrace, and do embrace, the individual property of the assignors. 6. Nor can it be said that the assignment is good in part, and bad in part, and must stand so far as it is good. The statute declares it void *in toto*, if made with the intent to defraud creditors. (3 *R. S.* 137, § 1, *p.* 224.) So do the decisions. (*Mackie* v. *Cairns*, 5 *Cow.* 547, *per Savage, Ch. J. Hyslop* v. *Clarke*, 14 *John.* 458. *Grover* v. *Wakeman*, 11 *Wend.* 187. *Goodrich* v. *Downs*, 6 *Hill*, 438, *and per Comstock, J. in Curtis* v. *Leavitt*, 15 *N. Y. Rep.* 123.) "If a deed is made with some evil intent, whether such intent is denounced by the common law or by a statute, then it is true the whole is void, because the whole is pervaded by a single vice." The provision under consideration, is conclusive evidence of the fraudulent intent. 6. Neither would it avail, could it be shown that the assigned property would suffice only to pay the preferred debts. (*Goodrich* v. *Downs, supra. Barney* v. *Griffin*, 2 *Comst.* 365. *Smith* v. *Howard*, 20 *How. Pr.* 121.) 7. The objection that the plaintiffs, not being individual creditors,

cannot avoid the assignment, is answered in *Leitch* v. *Hollister,* (4 *Comst.* 211,) and *Smith* v. *Howard,* (*above.*)

*T. R. Strong,* for the respondent. I. The assignment transferred the store goods and all the property of the assignors to the assignee, notwithstanding only a portion of the property is specified in the schedule annexed to the assignment. (*Platt* v. *Lott,* 17 *N. Y. Rep.* 478. *Birchell* v. *Strauss,* 28 *Barb.* 293. *Keyes* v. *Brush,* 2 *Paige,* 311. *Bank of Silver Creek* v. *Talcott,* 22 *Barb.* 560.)

II. The assignment is not void on its face by reason of the provision for the payment of "the private and individual debts of the parties of the first part, or either of them," after the partnership indebtedness is satisfied. 1. The assignment embraces only partnership property ; this provision was intended to operate only on the surplus ; its language is consistent with the interpretation that the surplus is to be appropriated to the debts mentioned in it, according to the respective rights and indebtedness of the assignors ; and it is the duty of the court to give it that construction if essential to its validity. (*Kellogg* v. *Slauson,* 1 *Kern.* 302, *and cases there cited. Ogden* v. *Peters,* 21 *N. Y. Rep.* 23. *Griffin* v. *Marquardt, id.* 121. *Wilson* v. *Robertson, id.* 587.) 2. The provision, at the utmost, is only evidence on the question of an actual intention to defraud creditors, and does not per se render the assignment fraudulent as to creditors. (1 *R. S.* 137, § 4. 3 *id.* 225, *5th ed. Griffin* v. *Marquardt,* 21 *N. Y. Rep.* 121.) 3. If the provision is objectionable, it affects the assignment only to the extent of that provision, and to that extent, only, can the assignment be declared illegal and inoperative. The trust created by that provision is separate from and unconnected with all the others, and may be set aside without affecting the others. (*Cox* v. *Platt,* 32 *Barb.* 126, 127. 15 *N. Y. Rep.* 9.) 4. The assignment is good between the parties, (*Porter* v. *Williams,* 5 *Seld.* 142 ;) and also as to all persons but those intended

Turner *v.* Jaycox.

to be defrauded — the individual creditors in this case, if any — and the individual creditors only can object to the provision in question. (2 *R. S.* 137, § 1. 3 *id.* 224, *5th ed.*) 5. The case of *Wilson* v. *Robertson*, (21 *N. Y. Rep.* 587,) is inferentially an authority in support of the validity, as to the partnership creditors, of the assignment. In that case the assignment contained a similar provision to the one objected to in this case. The assignment was held invalid for preferring individual as well as company debts to be paid out of the firm property ; but although the assignment was vigorously assailed, and an elaborate argument made against its validity, by counsel and court, not a word of objection was uttered, to the provision corresponding with the one now in question. 6. The case of *Smith* v. *Howard*, (20 *How. Pr.* 121,) is not binding upon the court as authority. It is an adjudication of a mere local court, and has no more force as a precedent than a decision of any county court in the state. The argument of the opinion, so far as the fifth trust in the assignment is concerned, is narrow and technical, and revolting to all right ideas of justice and fairness. (*See Bank of Silver Creek* v. *Talcott*, 22 *Barb.* 550 ; *Nicholson* v. *Leavitt*, 4 *Sand.* 252 ; *Knauth* v. *Bassett*, 34 *Barb.* 31.) The case of *Smith* v. *Howard* is distinguishable from the present. The assignment there embraced individual as well as company property, and it was proved there were individual debts. 7. In *Rushmore and others* v. *Pulver and others*, Justice Smith, who granted the nonsuit in this case, has, upon further consideration, decided that the assignment embraced the property in question ; and that the assignment is valid on its face.

III. The nonsuit was, therefore, erroneously granted, and a new trial was properly ordered. The order for a new trial should be affirmed with costs.

*By the Court*, JOHNSON, J. The plaintiff claimed the goods in question as the assignee of the copartnership firm

of N. Pulver & Co., which assignment was made and the trusts thereby created accepted on the 4th of April, 1861. The defendants are judgment creditors of the said firm, and took the goods by virtue of an attachment in an action in their favor, on the 22d of April, 1861, which they subsequently caused to be sold upon an execution issued on the judgment in the action. The plaintiff took possession of the goods immediately upon the execution of the assignment to him, and continued in possession up to the time they were seized by virtue of the attachment. The property taken was the stock of goods in the store of the assignors, which they owned prior to the assignment. The defendants claimed that the goods were not assigned by the instrument of assignment, and that the plaintiff acquired no title thereby, because such goods were not included or specified in the schedule annexed, and referred to in the assignment. They also claimed that the assignment was wholly void, for the reason that the assignors had, by the assignment, provided for the payment of their individual debts out of any surplus remaining after payment of all partnership debts.

In regard to the first point, the language of the instrument, after granting the lands and tenements, is as follows: "And all the goods, chattels, merchandise, bills, bonds, notes, book accounts, claims, demands, choses in action, judgments, evidences of debt, and property of every name and nature whatsoever of the said parties of the first part, more particularly enumerated and described in the schedule hereunto annexed, marked schedule A." On referring to schedule A, it appears to contain only a description of the real estate assigned, and a list of the accounts and notes due to the said firm. No merchandise or other chattels are enumerated or described in such schedule.

That a general assignment in this language, and for the purposes specified in the instrument in question, operates to transfer to the assignee property not mentioned in the schedule annexed, is fully settled in the case of *Platt* v. *Lott*,

Turner *v.* Jaycox.

(17 *N. Y. Rep.* 478.) It is quite apparent that there was no intention on the part of the assignors, of limiting the assignment to the real estate and choses in action mentioned in the schedule. The reference to the schedule, in the body of the instrument, was evidently not for the purpose of restriction or limitation upon the previous language, and should not be so construed. Reference was to be had to the schedule, not for the purpose of ascertaining what particular things or species of property were conveyed to the assignee, but for the purpose of identifying that which was conveyed, merely. The assignment is as full and general as language could well make it, and such was the plain intention of the assignors.

In respect to the provision for the payment of the private and individual debts of the assignors, out of the residue of the net proceeds remaining after the payment of all the debts of the partnership, I am wholly unable to discover in it any evidence of an intention to hinder, delay or defraud creditors.

The argument, as far as I am able to understand it, seems to be in brief this: that it operates in effect like an assignment by two insolvent individuals of their separate property to a single assignee, for the purpose of paying each equally the debts of the other, as well as his own. In such a case, where it appeared upon the face of the assignment that each assignor was insolvent, and that the property assigned by each was unequal in value, and the debts of each unequal in proportion, the assignment would, I think, upon its face afford pretty conclusive evidence of an intention to hinder, delay and defraud creditors, and could not be upheld. But it will scarcely do, I think, to infer the existence of all these facts, when nothing of the kind appears upon the face of the instrument. The facts might, probably, be established by proof *aliunde*, and the assignment avoided in that way, but I do not think they are to be presumed, in the absence of all evidence. The legal intendments, I suppose, are all in favor of the validity of assignments, the same as of other instru-

ments. The only case cited by the defendants' counsel in favor of this novel proposition is that of *Smith* v. *Howard,* (20 *How. Pr. R.* 121,) which seems to have turned upon some such principle, although the two cases are not precisely analogous. That was a case decided in the superior court of the city of Buffalo, and is not binding as an authority upon this court beyond the force of the reasons assigned for the decision. But with all deference to that very respectable court, the reasons do not strike me as at all conclusive. Indeed a material fact must have been assumed, which did not appear upon the face of the instrument and was not proved. But without pursuing that decision, for the purpose of reviewing it, it is sufficient to say that this is clearly no such assignment as that was assumed to be. It only appears on the face of the assignment in question that the partnership was insolvent, and there is nothing to show that either of the partners was so individually. It is an assignment of the joint property only, as is manifest from the entire tenor and scope of the instrument; and I think there is no presumption of law that either of the partners was individually insolvent, or that their interests in the partnership property, or the amount of their private debts, were unequal.

The other points were not raised upon the trial or at the special term, and are, I think, untenable if they had been.

The nonsuit was therefore properly set aside, and the decision of the special term must be affirmed.

[MONROE GENERAL TERM, December 1, 1862. *Johnson, Welles* and *James C. Smith,* Justices.]