## J. D. KURTZ CROOK, Appellant, v. LEOPOLD RINDSKOPF and Others, Respondents.

*General assignment — when a direction, invalid as to one class of creditors, renders it invalid as to all — when two partners cannot convert all their individual property into a common fund for the pro rata payment of their individual creditors.*

The defendants, who were partners, made a general assignment of all their property, the assignee being directed, after paying certain preferred debts, and all firm debts and liabilities, to apply the remainder and residue, if any, to the payment of the individual and private debts of the partners, providing that if such remainder should be insufficient to pay the said individual debts in full, that then the same should "be applied *pro rata*, share and share alike, to the payment of said debts, demands and liabilities, according to their

respective amounts." The partners owned, individually, different amounts of property, and their individual debts differed in amount:

*Held,* that as the individual estates and debts of the partners were unequal, the individual creditors of one would be defrauded by allowing their individual estate to be treated as a joint fund for the payment of all their debts.

That the invalidity of this direction could be set up by a firm creditor, as he was hindered and delayed, though not defrauded thereby, and that the assignment should be set aside. (BRADY, J., dissenting.)

*O'Neil* v. *Salmon* (25 How., 246); *Smith* v. *Howard* (20 id., 121), followed; *Morrison* v. *Atwell* (9 Bosw., 503); *Scott* v. *Guthrie* (10 id., 408); *Fox* v. *Heath* (16 Abb., 163) and *Cox* v. *Platt* 32 Barb., 127), not followed; *Turner* v. *Jaycox* (40 id., 164); affirmed 40 N. Y., 470), distinguished.

APPEAL from a judgment in favor of the defendants, entered on the trial of this action before the court.

*Edward T. Bartlett,* for the appellant.

*Adolph S. Sanger,* for the respondents.

DANIELS, J.:

The plaintiff is a judgment creditor of the defendants Leopold Rindskopf and Meyer Rosenthal. Executions were issued upon his judgments, being four in number, against the property of the debtors, which were returned unsatisfied, and the object of this action was to set aside as fraudulent an assignment which the judgment debtors executed and delivered to the defendant Abraham Rosenthal, for the benefit of their creditors. By the assignment they directed the assignee, out of the proceeds of their property, first to pay certain preferred debts, and after that to pay with the residue and remainder of the net proceeds, if any there should be, all the other copartnership debts, demands and liabilities owing from the assignors, and if the residue of the proceeds should not be sufficient for that purpose, then to apply the same *pro rata* to the payment of such debts. By a further direction contained in the assignment the assignee was directed, with any residue or remainder of the net proceeds and avails of the assigned estate, to pay and discharge all the individual and private debts of the assignors. This direction is contained in the sixth paragraph of the assignment, which is as follows:

" *Sixth.* By and with the remainder and residue of said net proceeds and avails, if any there shall be, the party of the second part

shall pay and discharge all the individual and private debts of the parties of the first part, or either of them, whether due or to become due, providing such remainder shall be sufficient for that purpose, and if insufficient, then the same shall be applied *pro rata*, share and share alike, to the payment of said debts, demands and liabilities, according to their respective amounts."

It appeared from the inventory executed, verified and filed after the assignment, that the assignors individually owed uneqal amounts of debts, and that the property individually owned by each of them was unequal, and by other evidence that their respective accounts with the partnership were likewise unequal, and it is because of this direction for the payment of their individual liabilities that the assignment has been assailed as fraudulent by the plaintiff. Compliance with this direction, if it should be carried into effect, would, so far as the individual indebtedness of one of the assignors should exceed that of the other, be to apply and appropriate a portion of his individual interest in the property to the payment of the creditors of the other debtor, for which such individual interest would not be legally liable. If one of the partners should be entitled to a larger sum than the other on the settlement of the partnership affairs, whatever that might be, it should legally be appropriated to the payment of his own debts, and in no event to the payment of those individually owed by the other partner. And a like consideration extends to their separate and individual property, which, according to the inventory and the assignment, was intended to be vested in the assignee. That belonging to Rindskopf amounted only to the actual value of ten dollars, while that belonging to Rosenthal is stated to be of the value of thirty dollars. The individual indebtedness of the former is placed at the sum of $4,600, and of the latter at the sum of $2,850. These amounts are small, but by the directions contained in the assignment they are made a common fund for the payment of the individual debts of each of the partners. In that manner a portion of the individual property of Rosenthal would necessarily be taken by means of this direction to pay in part the individual debts of Rindskopf, before payment of his own debts should be made. And this was a fraudulent disposition of the individual property of at least one of the debtors. Whether this direction, in this state of the affairs of the assignors, invalidated the

entire assignment is the point upon which the disposition of this case depends.

The statute has declared that every assignment of any estate or interest in lands or goods or things in action, etc., made with intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, shall be void as against the persons hindered, delayed or defrauded. (3 R. S. [6th ed.], 145, § 1.) And it has been urged in support of the assignment, as the plaintiff is a creditor of the firm, and not of either of the individual partners, and the effect of the assignment may be to devote additional property to the payment of his debts, or, in any event, that he will not be injured by this direction concerning the payment of the individual debts of the partners, that he cannot complain of it, inasmuch as he will not be hindered, delayed or defrauded thereby. But this is a construction of the statute which it probably was not intended to receive. For where an assignment of the debtor's property may be fraudulent on account of one or more directions contained in it, there every creditor is certainly hindered or delayed by a fraudulent instrument. The property of the debtors in that manner is taken from their possession and control and placed in charge of an assignee, to be disposed of and administered by him in the settlement of the debts and claims of creditors. If the assignment is allowed to stand, then the creditors will necessarily be delayed until that settlement shall take place. And that delay will result, where one or more of the directions may be unlawful, in hindering and delaying the creditor, although not actually thereby defrauded. And that, by the language of this section of the statute, would entitle him legally to complain of the validity and effect of the assignment. He would be hindered and delayed in the ordinary course of proceedings for the collection of his debts by the interposition in his way of a fraudulent disposition of the debtor's property, and, by the terms of the statute, would have the right to insist upon the fraudulent obstruction being removed. This was the view taken of a similar assignment in *O'Neil* v. *Salmon* (25 How., 246), where this subject was very thoroughly and fully examined. And also in *Smith* v. *Howard* (20 id., 121). And, in both these instances, assignments containing similar directions were held to be fraudulent at the suit of creditors entitled to

the satisfaction of their debts out of the joint estate of their debtors. This conclusion resulted from the general principle of law that where an instrument is by statute declared to be void for violating any of its restraints, it will be wholly void. For this purpose this statute does not require that all the directions contained in the instrument shall be of a fraudulent character, but it entitled the creditors to require it to be set aside when it may have been made with the intent to hinder, delay or defraud them, and an assignment having that effect as to any of the creditors, is included within the language as well as the intention of the statute. This point was considered in *Mackie* v. *Cairns* (5 Cow., 547), where it was held in general terms that a contract which was partially illegal and void, as being in contravention of the provisions of a positive statute, was wholly so. And the same view was followed in *Grover* v. *Wakeman* (11 Wend., 187). It was also approved in *Leitch* v. *Hollister* (4 Comst., 211), where it was held that a fraudulent assignment might be avoided by any creditor, whether provided for or not, who had not voluntarily become a party to the trust, or by his own act ratified and confirmed it. It must, it was held, when executed, bind all or none of the creditors of the assignor. (Id., 215.) And that was evidently the view which was followed in *Collomb* v. *Caldwell* (16 N. Y., 484).

A different view of the effect of the statute upon an assignment of this description was adopted and followed in *Morrison* v. *Atwell* (9 Bosw., 503) and *Scott* v. *Guthrie* (10 id., 408). These two cases proceeded upon the conclusion that the firm creditors were not hindered, delayed or defrauded by like directions, and, therefore, could not complain of assignments containing them. But the other authorities are more in harmony with the directions contained in the statute upon this subject, which were intended to afford every creditor who should be hindered or delayed by an assignment containing a fraudulent direction or disposition of the debtor's property the right to avoid and remove it. Every creditor is hindered and delayed by such a fraudulent instrument, even though the fraudulent direction itself may not directly prejudice him, for it stands in the way of the ordinary legal proceedings provided for the collection of his debts, and he is accordingly entitled to relief under this general provision of the statute. The cases of *Fox* v. *Heath* (16 Abb., 163)

and *Cox* v. *Platt* (32 Barb., 127) are also in their theory opposed to this construction of the effect of the statute. But as they are plainly in conflict with the manner in which the courts have been required to proceed by the statute and the views maintained by the other authorities, they cannot now be allowed to sustain an assignment containing a fraudulent disposition of the debtor's property, although that may only be partial in its character. *Turner* v. *Jaycox* (40 Barb., 164; affirmed, 40 N. Y., 470) in no way conflicts with these views. There the individual debts of the assignor were directed to be paid out of the surplus remaining after the partnership debts should be discharged. But as it was shown as a fact that neither of the assignors owed individual debts and owned no individual property, the presumption of fraud arising upon this direction was held to be removed and out of the case. In the present case the fraudulent direction contained in the assignment is incapable of being answered or excused in that manner. For these assignors did owe individual debts, which, to a certain extent at least, could be benefited on the one hand and injured on the other, by carrying the fraudulent direction into effect. It remained as a substantial attribute in the transaction through which the debtors attempted to divest themselves of their property. And under the statute, as well as the more controlling authorities following it, this assignment should have been held to have been · fraudulent and void.

The judgment in the case should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.

DAVIS, P..J., concurred.

BRADY, J.:

If the provision discussed created a presumption of fraudulent intent it was not conclusive, it was one which could be shown by evidence. (*Turner* v. *Jaycox*, 40 N. Y., 475.) In this case it was shown (sec. D) that the partnership property was not sufficient to pay the partnership debts. This overcame the presumption suggested. I dissent therefore.

Judgment reversed, new trial ordered, costs to plaintiff to abide event.