# JOHN HARDMAN AND DANIEL GUILFOYLE v. JOHN B. BOWEN.

*Assignment for benefit of Creditors—Acknowledgment—Construction of Statute of 1860.*

An assignment of real or personal property for the benefit of creditors must be in writing, and be acknowledged before delivery, in the presence of some officer authorized to take the acknowledgment of deeds, or it will be inoperative to vest the title in the assignee.

A statute prescribing the mode of making and executing conveyances of property to make them operative, may be altogether affirmative in its requirements, and yet by implication be strongly negative.

This is an action of replevin. The Plaintiffs claim to make title to the property through an assignment in trust for the benefit of creditors, made by James Sheridan, John Sheridan, and Patrick Sheridan.

The Defendant is the Sheriff of Broome county, and claims to hold the property by virtue of a seizure thereof, upon an attachment issued out of the Supreme Court in favor of one Phelps, and other creditors, against the said Sheridans.

The cause was tried before Justice Balcom, without a jury, and he found the following facts, to wit:

That the said Sheridans made the said assignment on the 31st December, 1860, the said goods being in Binghamton, and that the Plaintiffs took possession of the goods on the day the assignment bears date. That they commenced making an inventory of the goods on the first day of January, 1861. That the assignment was not acknowledged by the assignors when it was delivered, but was proved by the subscribing witness thereto, on the third day of January, 1861, and was recorded that day in the office of the Clerk of Broome county. That the Defendant was the Sheriff of Broome county at the date of the assignment, and still is such Sheriff. That as such Sheriff he took possession of the said goods, on the second day of January, 1861, by virtue of

an attachment issued out of the Supreme Court, bearing date that day, against the property of the said Sheridans, in favor of John J. Phelps and others, who recovered a judgment in the Supreme Court in the action wherein said attachment was issued, on the 14th day of February, 1861, for $880.79 damages, and costs. The goods were worth $1,200. The goods were replevied and delivered to the Plaintiffs.

The Judge gave judgment for the Defendant for a return of the property, finding the title in him, holding that the assignment had not become operative when the Defendant seized the goods on the attachment, because the assignment was neither acknowl-edged nor proved.

The Plaintiffs appealed from the said judgment to the General Term, where the judgment was affirmed, and the Defendant appealed therefrom to this Court.

*George Bartlett* for Appellants.
*Hotchkiss & Seymour* for Respondent.

Mason, J.—The question presented for adjudication in this case is, whether the delivery of this assignment, executed by the Sheridans, but not acknowledged, with the delivery of the posses-sion of the property to the Plaintiffs, under the assignment, passed the title to them, so that they can hold it against the De-fendant's levy on the attachment against the Sheridans, in favor of Phelps and others.

The question depends entirely upon the construction to be put upon the first section of the Act of April 13, 1860, which de-clares that "Every conveyance or assignment made by a debtor or debtors of his, her, or their estates, real or personal, or both, in trust, to an assignee or assignees, for the creditors of such debtor or debtors, shall be in writing, and shall be duly acknowl-edged before an officer authorized to take the acknowledgment of deeds, and the certificate of such acknowledgment shall be duly endorsed upon such conveyance or assignment before the delivery thereof to the assignee or assignees therein named " (Laws of 1860, chap. 348).

The argument of the Appellants' counsel is, that this statute is merely directory, and leaves the former common law in full force; and this argument is sought to be maintained upon some quite elementary principles in the construction of statutes. We are referred to Dwarris, Sedgwick, and Smith, on the Construction of Statutes, for the doctrine that an affirmative statute does not take away the common law.

This rule cannot be denied or questioned at this day, for it has been too well and too long established. The language of Lord Coke, that a statute made in the affirmative, without any negative expressed or implied, does not take away the common law, is now elementary (2 Inst. 200; Stafford v. Ingersol, 3 Hill R. 41; Clark v. Brown, 18 Wend. R. 220; Almy v. Harris, 5 Johns. R. 175; Wood v. Chapin, 13 N. Y. Repts. 521, 526; Hall v. Tuttle, 6 Hill's R. 42; Dwarris on Statutes, 638; Smith's Com. on Statute Law, p. 771, § 660). The rule has sprung up under the decisions in regard to remedies, and all that is held is, that if the statute gives a new remedy, and is merely affirmative in its terms, without any negative expressed or implied, it does not take away the common law remedy.

The rule has no application to a case like the present. If the Legislature were to enact a statute expressly declaring that every conveyance of real estate shall be written or printed on parchment, it cannot be doubted that a deed written on common paper would not answer.

Our present statute says, that every grant in fee, or of a freehold estate, shall be subscribed and sealed by the grantor (1 R. S. 738, § 137).

These are no negative words, and no declarative words that the deed shall be inoperative if not sealed, and yet it has never been doubted that the seal is essential to give it validity.

The fundamental mistake with the Appellants' argument is, in treating this as merely an affirmative declaratory statute. It is no such thing. It introduced a new law in regard to assignments. It required every assignment, whether of real or personal property, to be acknowledged before an officer authorized to take

acknowledgments, before delivery, and the certificate of acknowledgment to be endorsed upon the assignment. The language is peremptory—every assignment, &c., shall be acknowledged before delivery. This, as I have already said, introduces a new rule of law in regard to assignments. "It is, as a maxim, generally true, that if an affirmative statute, which is introductive of a new law, direct a thing to be done *in a certain manner*, that thing shall not, even although there are no negative words, be done in any other manner" (Dwarris on Statutes, 641—9 Law Library, O. S.; Smith's Com. on Statutory Law, page 778, § 665). This statute declares that every assignment in trust for the benefit of creditors, shall be acknowledged before delivery. It is only necessary to say, that no assignment can be delivered without being acknowledged, without violating the plain mandates of this statute, to perceive that this statute itself contains a clear negative against an assignment being made in any other way.

It is very clear to my mind that a negative of the right to make an assignment in any other manner is implied in the very language of the statute, for when the statute declares, in terms, that every assignment shall be acknowledged before delivery, it, by necessary implication, provides that no *assignment shall be delivered* without acknowledgment.

It clearly denies and withholds the right, which before existed, to dispense with the acknowledgment. We are referred to several adjudged cases, holding some of the subsequent sections of this act to be merely directory.

The case of Juliand *v.* Rathbone et al. (39 Barb. R. 97) holds that the provisions requiring the assignor, within twenty days after the date of an assignment, to make and deliver to the County Judge an inventory of his debts and assets, were merely directory as to time, and if made after the expiration of the twenty days, it was good. The case also holds that section 3, requiring the assignee, within thirty days after the date of the assignment, to give a bond for the faithful discharge of his duties, was so far directory that his omission to give it within the thirty days would not invalidate the assignment.

The case was rightly decided, and has been affirmed by several subsequent cases (Van Vleet v. Slauson, 45 Barb. R. 317 ; Evans v. Chapin, 20 How. R. 289 ; Barbour v. Everson, 16 Abbotts' R. 366). These cases were well decided, and repose upon the soundest principles of statute construction. The section which requires the assignor, within twenty days, to make out an inventory of his debts and assets, and deliver the same to the County Judge, containing no negative words against the exercise of the right to make it afterwards, was held to be merely directory as to time, as the statute was entirely silent as to the effect of the omission to do so.

The same was also held in regard to the omission to give the bond within thirty days.

These cases, however, were also placed upon another ground—that as the assignment was properly executed and duly acknowledged and delivered, and possession of the property taken by the assignees, the title of the property passed, and no omission of the assignor, nor his absolute refusal even to make the inventory within the twenty days, could invalidate the assignment, upon the familiar principle that no acts of the assignor, after the assignment has been executed and delivered, and possession of the property taken by the assignees, or any omission on his part, can invalidate the assignment (4 John. Ch. R. 135 ; 20 N. Y. R. 15 ; 5 Seld. R. 141, 152 ; Burrill on Assignments, 304, 306, 308, 309 ; 6 Barb. R. 91, 94; 33 Barb. R. 127, 135 ; 24 id. 105 ; 32 id. 126 ; 29 Barb. R. 102 ; Burrill on Assignments, 442, 3d ed.).

This rule applies with equal force to the assignee, if the assignment was valid in its creation. Having been honestly and properly executed and delivered, no subsequent illegal acts, either of omission or commission, can in any manner invalidate it.

The omission or refusal of the assignee to give the bond which the statute makes it his duty to do, might, perhaps, be treated as a refusal to serve ; at any rate, it would furnish good ground for his removal by the Court, and the appointment of a receiver to execute the assignment (5 Seld. R. 176 ; 2 Barb. S. C. R. 446 ; 5 Paige's R. 46 ; 8 id. 294 ; 2 Story's Eq. Jur., § 1289 ; Burrill

on Assignments, 507, 568, 2d ed. ; do. 573, 3d ed. ; 39 Barb. R. 101, 102).

The Defendant having seized and taken these goods before this assignment was acknowledged, it follows that the assignees could not hold these goods as against these attaching creditors, and that the judgment of the Supreme Court was right, and should be affirmed.

All affirm.

<div align="right">

JOEL TIFFANY,
State Reporter.