SIEGFRIED LOWENSTEIN et al., Appellants, *v.* AUGUST FLAURAUD et al., Respondents.

An assignment of the property of a debtor, in trust for creditors, executed in the name of the debtor and duly acknowledged by an attorney duly constituted for that purpose is valid under the act of 1860 (chap. 340 of the Laws of 1860), and effectual to vest in the assignee the title to the assigned property.

(Argued October 14, 1880; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

This action was brought as judgment creditors of defendants, August and Eugene Flauraud, to set aside an assignment purporting to have been executed by them to defendant Salmon, for the benefit of their creditors.

The facts pertinent to the questions discussed are set forth in the opinion.

*Rastus S. Ransom* for appellants.   One copartner cannot, by virtue of his power as such copartner, make an assignment of the copartnership effects to a trustee for the benefit of the creditors of the firm.   (*Wells* v. *Marsh*, 30 N. Y. 344; 19 Abb. 32; 28 Barb. 593; 3 Sandf. 284; 8 Bosw. 495.)   An assignment for the benefit of creditors to be valid must be the personal act of the assignor.   It cannot be done by attorney. (*Harman* v. *Bowen*, 39 N. Y. 196; *Cook* v. *Kelly*, 14 Abb. 466; 12 id. 35; *Adams* v. *Haughton,* 3 Abb. [N. S.] 46; 50 Barb. 440; *Britton* v. *Lorentz*, 45 N. Y. 51.)   The act of 1860 (chap. 340) is in derogation of the common law, and every requisite of it therefore must be strictly complied with. (6 Wheat. 119; 4 id. 77; 7 Cow. 88; 7 Wend. 148; 20 id. 249; 3 N. Y. 438; 77 id. 1.)

*Otto Horwitz* for respondents.   An assignment of partnership property for the benefit of the former creditors, executed by one of the partners, is valid where power to make such assignment can be implied from circumstances.   (*Welles* v. *March*, 30 N. Y. 344, 351, 353; *Fisher* v. *Murray*, 1 E. D. Smith, 342; 2 Hilton, 531; *Ninth Nat. Bank* v. *Sackett*, 2 Daly, 399; *Palmer* v. *Meyers*, 43 Barb. 509; *Baldwin* v. *Tynes*, 19 Abb. Pr. 32; *Darrow* v. *Bruff*, 36 How. Pr. 479.)

ANDREWS, J.   The first section of the act (chap. 340 of the Laws of 1860) declares that every conveyance or assignment made by a debtor, of his estate, in trust for creditors, " shall be in writing and shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds, and the certificate of such acknowledgment shall be duly indorsed upon

such conveyance or assignment before the delivery thereof to the assignee or assignees therein named."

In *Hardmann* v. *Bowen* (39 N. Y. 196), it was held that the provisions of this section were mandatory, and that an assignment not acknowledged by the assignor was void as against attaching creditors, although the assignment had been delivered to the assignees and they had taken possession of the assigned property, prior to the levy under the attachment. The court regarded the statute as establishing a new rule upon the subject of assignments, and that by its true construction the acknowledgment of an assignment was an essential prerequisite to the vesting of the title to the assigned property in the assignee as against creditors.

The plaintiffs in this case are judgment creditors of the firm of August Flauraud & Son, which was a firm doing business in the city of New York, composed of August Flauraud and Eugene Flauraud. In October, 1876, Eugene Flauraud left this country for France, but before leaving, and in anticipation of pecuniary embarrassments of the firm, he executed under his hand and seal a power of attorney, duly acknowledged, appointing Nathan Metz his attorney, among other things to sign, seal, execute, acknowledge and deliver a general assignment of his estate, and to join with his copartner in signing, sealing, executing, acknowledging and delivering a general assignment of the firm property to an assignee for the benefit of creditors. On the 8th of November, 1876, an instrument of assignment, purporting to be made between August Flauraud and Eugene Flauraud of the first part, and Adolphe Salmon of the second part, assigning to the latter all the joint and separate property of the assignors, in trust for creditors, was executed by August Flauraud in person, and by Nathan Metz, in the name of Eugene Flauraud, as his attorney. The assignment was before delivery duly acknowledged before a proper officer. A certificate of acknowledgment was indorsed on the assignment, certifying that the instrument was acknowledged by August Flauraud, in person, and by Nathan Metz, as attorney for Eugene Flauraud, by virtue of the power of attorney

above referred to, which was annexed to the certificate, and that the persons making the acknowledgment were known to the certifying officer.

The decision of this appeal depends, we think, upon the question whether, under the act of 1860, an assignment in trust for creditors, executed in the name of the debtor, by an attorney duly constituted for that purpose, and acknowledged by him, is well. executed, so as to vest in the assignee the title to the assigned property. This question was not involved in *Hardmann* v. *Bowen.* The assignment there was executed by the debtor in person, and the only point decided was that under the act of 1860, an assignment by a debtor, in trust for creditors, not acknowledged, was void as against creditors.

It is a general rule that when a man has power as owner or principal to do any act or thing in his own right, he may do it by another. (Paley on Agency, § 1.) The most solemn deeds and contracts are constantly made and executed through agents duly constituted and acting for their principals. One may appoint an agent to convey his lands (1 R. S. 738, § 137) or to sell or transfer his personal property. The authority may be created by deed, simple writing, or parol, according to the nature of the act to be done, and when exercised in conformity with the power, the act of the attorney is in law the act of the principal. Independently of the act of 1860, it is clear that an assigment by a debtor of his property in trust for creditors, executed in his name by an attorney, duly constituted, would be effectual to vest the title to the assigned property in the assignee. An assignment in trust for the benefit of creditors is but a conveyance of the property of the assignor for a special purpose, and there is nothing in the nature of the transaction which takes it out of the general rule that the owner of the property may constitute an agent to do any act in respect thereto which he might lawfully do in person. There are exceptions to this rule founded upon the nature of the act to be done or upon affirmative statutory provisions. One cannot make a will by attorney. A married woman authorized to convey her lands only by deed duly acknowledged by her upon

a private examination cannot acknowledge by attorney. Other instances of like character are referred to in the opinion of ALLEN, J., in *The People* v. *Smith* (45 N. Y. 783), where an act authorized by statute must, from its nature or the necessary construction of the statute authority, be done in person. So also, a contract may be of such a character that it can only be performed in person by the party bound thereby, and where performance by an agent, unless accepted by the other party, would not be a compliance with the obligation.

The act of 1860 does not in terms require that an assignment shall be executed or acknowledged by the assignor in person, and it cannot, we think, be construed as excluding by implication the execution and acknowledgment by an attorney. The requirement that it should be in writing was inserted to prevent the creation of parol trusts for the benefit of creditors, and the purpose of this requirement is satisfied by a written assignment executed by an attorney duly authorized; and the provision that it shall be acknowledged and certified was rendered necessary to carry out the requirement of the sixth section, that every assignment made under the provisions of the act shall be recorded in the county of the debtor's residence.

There is nothing in the language of the act of 1860 which indicates an intention on the part of the legislature that an assignment must be the personal act of the assignor or from which it can be assumed that the legislature intended, in respect to assignments by a debtor in trust for creditors, to abrogate the common-law rule which permits the owner of property to convey it through the instrumentality of an agent. The fact that by the second section the debtor is required to make an affidavit to the schedule, within twenty days after the assignment, does not, we think, authorize the inference that the debtor must sign and acknowledge the assignment in person. The amendment of 1874 (chap. 600) declares that the omission of the debtor to make the schedule and affidavit shall not render the assignment invalid or ineffectual, and this was the construction of the statute before the amendment was passed. The requirement that the debtor should himself verify his

inventory is not inconsistent with the existence of the power to make the formal instrument of assignment by procuration.

It is claimed that August Flauraud was authorized by parol by Eugene Flauraud, before the latter left the country, to make a general assignment of the firm property for the benefit of creditors, and that independently of the execution of the assignment by the attorney for Eugene, the execution and acknowledgment thereof by his copartner was sufficient. There is some difficulty in maintaining this view, for the reason that August Flauraud did not assume to make the assignment in the name of the firm. He acted for himself, and his copartner was represented in the transaction by his attorney, Metz.

But upon the ground first stated we are of opinion that the judgment should be affirmed.

All concur.

Judgment affirmed.