Bartlett, J.
We think the trial judge reached the right, conclusion upon the several points of this case which aro involved in the present appeal.
The only questions of any difficulty relate to the authority to make the assignment and the sufficiency of the execution of that instrument. The letter written by the partner in San Francisco to the partner in New York, clearly contemplated the likelihood that an assignment would become necessary during the absence of the writer, who was-about to sail for Australia, and contained instructions which were meaningless unless the author had previously empowered the home partner to make an assignment, or meant thereby to empower him so to do, if circumstances should demand it. In the light of the other facts established by the evidence," this letter sufficed to prove the authority of the defendant Daggett to execute the assignment in the name of the firm.
He signed the instrument three times: First, in the firm name of G. H. Gardener & Go.; next, “Guy H. Gardener, by David Daggett, by authorization; ” and finally in his own name individually. Much of the argument of counsel for the appellants is designed to show that the assignment was not properly acknowledged, so far as the second of these- *101 signatures is concerned, because the notary had no proof of Daggett’s authority to act for Gardener. Inasmuch, however, as the assignment was executed in the co-partnership name, this point seems to be immaterial.
In Lowenstein v. Flaurand (82 N. Y., 494, 499), it is clearly implied that the execution and acknowledgment of an assignment of the firm property by one partner should be deemed sufficient, where the other partner has authorized bhe assignment, and the partner who executes it does so in the name of the firm.
As to the averments of actual fraud, we think the couH below was justified in finding in favor of the defendant.
The judgment should be affirmed, with costs.
Van Brunt, P. J., concurs.