# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

DANIEL ABERLE *vs.* ANNA SCHLICHENMEIR, (A. M. GRAHAM, Garnishee.)

Argued June 28, 1892. Decided July 22, 1892.

**Assignment for Benefit of Creditors.**

> Where an assignment for the benefit of creditors is voidable at their election, they may nevertheless be precluded from objecting to it if they have previously assented to or affirmed its provisions, with knowledge of the facts.

**Same—Estoppel to Attach.**

> Where a creditor has expressly stipulated with the assignee for a *pro rata* distribution of the property according to the terms of the assignment, and to permit the assignee to proceed under it, *held,* that he will not be permitted to dispute the assignment, or to attach the property where no other creditors have interfered, and the assigned property still remains in the hands of the assignee.

Appeal by plaintiff, Daniel Aberle, doing business as D. Aberle & Co., from an order of the District Court of Traverse County, *C. L. Brown,* J., made January 18, 1892, denying his motion for judgment against A. M. Graham, garnishee, upon his disclosure.

Anna Schlichenmeir was the surviving partner of the firm of H. Zimmermann & Co. On January 29, 1891, she made a voluntary assignment to A. M. Graham of all the firm property, and all her in-

v.51M.—1

dividual property, not exempt, for the benefit of the partnership creditors. Shortly thereafter D. Aberle, Anna Schlichenmeir, and the assignee, A. M. Graham, by their respective attorneys, made the stipulation set forth in the opinion. On May 6, 1891, plaintiff, a creditor, commenced an action against Mrs. Schlichenmeir, and garnished the assignee for the property of the firm in his hands. The disclosure of the garnishee was taken, showing the property to be held by him by virtue of the assignment, and setting out the stipulation above mentioned. The plaintiff moved for judgment against the garnishee on his disclosure; the motion was denied, and plaintiff appeals.

*John Bohmbach*, and *Charles Bechhoefer*, for appellant.

A deed of assignment by a copartnership which conveys firm and individual property for the sole benefit of firm creditors is not valid as an assignment under Laws 1881, ch. 148; Laws 1889, ch. 30. *Tripp* v. *Northwestern Nat. Bank*, 41 Minn. 400; *In re Allen*, 41 Minn. 430.

This assignment is not valid as a common law assignment because it required creditors to file releases. *McConnell* v. *Rakness*, 41 Minn. 3; *Hubbard* v. *McNaughton*, 43 Mich. 220; *Sperry* v. *Gallaher*, 77 Iowa, 107. On its face it creates a preference in favor of firm creditors, and is therefore opposed to the express provisions of Laws 1881, ch. 148, § 3. *Means* v. *Dowd*, 128 U. S. 273; *May* v. *Walker*, 35 Minn. 194.

The assignment is not only void as to the individual creditors, but also as to the firm creditors preferred. *Barrett* v. *McKenzie*, 24 Minn. 20; *Wickham* v. *Davis*, 24 Minn. 167.

*A. S. Crossfield*, for respondent.

The plaintiff should not be allowed to question the assignment, having assented to and accepted the same by stipulation. *Nutter* v. *King*, 152 Mass. 355; *Martin* v. *Taylor*, 52 Ark. 389; *Levy* v. *James*, 1 N. Y. Supp. 604; *Noyes* v. *Beaupre*, 32 Minn. 496.

Granting that the assignment was void as to individual creditors, yet it was valid as to firm creditors, who were preferred and bene-

fited correspondingly as the individual creditors are injured. They are in no position to attack the assignment. *Crook* v. *Rindskopf*, 105 N. Y. 476; *Turner* v. *Jaycox*, 40 N. Y. 470; *Morrison* v. *Atwell*, 9 Bosw. 503; *Royer Wheel Co.* v. *Fielding*, 101 N. Y. 504.

But the assignment is a valid one as to all the creditors, both individual and partnership. *Moody* v. *Carroll*, 71 Tex. 143; *Fant* v. *Elsbury*, 68 Tex. 1; *Schoolher* v. *Hutchins*, 66 Tex. 324; *Bradley* v. *Bischel*, 81 Iowa, 80.

VANDERBURGH, J. The defendant, as surviving partner of the firm of Zimmerman & Co., made an assignment for the benefit of creditors, and thereafter it was stipulated between the attorneys of plaintiff, who was an attaching creditor of Zimmerman & Co., and the attorneys for the assignor and assignee, that the assignee should "sell and dispose of certain personal property belonging to the trust estate, and to pay with the proceeds of sale, and money now on hand, all debts and liabilities of said partnership, as far as the same will pay, *pro rata,* and to perform any and all other duties of said assignee, without any orders of said court, except that the final account will have to be approved by said court: provided, that all creditors represented by the attorney of plaintiff do not hereby in any manner waive any right which they or any of them may have to refuse their *pro rata* share offered to be paid by said assignee, or any other right which they now do or may hereafter have in the premises, under the law: and further provided, that all persons interested in said assignment shall have the privilege and right to investigate the affairs of said assignment, and if dissatisfied, to apply for relief in the manner provided by law."

Afterwards the plaintiff attached the assigned property in the hands of the assignee through the process of garnishment, and he insists that the assignment is void because it does not provide for a distribution of the assigned property among all the creditors of the insolvent, individual as well as partnership, but among the partnership creditors only, of which plaintiff is one. It is very clear, we think, that the terms of this stipulation preclude the plaintiff from assailing the assignment. Conceding, without determining the ques-

tion, that the assignment is voidable at the election of creditors, it is competent for them to waive their objections, and consent to allow the assignee to execute the trust.    As a general rule, those creditors who thus assent to and affirm an assignment, with knowledge of the facts, cannot be permitted to assail its validity.    *Chaffee* v. *Fourth Nat. Bank*, 71 Me. 526; *Rapalee* v. *Stewart*, 27 N. Y. 310.

Here it is claimed that the invalidity appears on the face of the assignment, but the plaintiff clearly recognizes and assents to it, and expressly authorizes the assignee to proceed under it.    The stipulation is not nullified by the reservation of his right to reject his dividend, "or of any other legal right which he might have in law." He must be presumed to have known his legal rights, and this reservation is qualified by what precedes, in so far, at least, as to preclude him from attaching the property or disputing the assignment while the property remained in the hands of the assignee, and he continued in the execution of the trust, which would be an act of bad faith, in view of the terms of the stipulation, both towards the assignee and other assenting creditors.

It is sufficient to rest our decision upon this ground, without considering other questions in the case.

Order affirmed.

(Opinion reported 52 N. W. Rep. 974.)