(8 App. Div. 34)

ZIMMER v. HAYS et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

FRAUDULENT CONVEYANCES—ASSIGNMENT FOR BENEFIT OF CREDITORS.
　　An assignment for benefit of creditors is not rendered void by a chattel mortgage theretofore executed with fraudulent intent, where neither the mortgagor nor the mortgagee at the time contemplated an assignment.

Appeal from special term, Fulton county.

Action by William N. Zimmer, as assignee of Hazard M. Templeton, against Daniel Hays and Charles Palmer, as sheriff of Fulton

county. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Jerome Egelston (Andrew J. Nellis, of counsel), for appellants.

Robert J. Sanson, for respondent.

HERRICK, J. This is an appeal from a judgment rendered upon a trial by the court without a jury, wherein it was adjudged that the plaintiff recover from the defendants possession of the property described in the complaint. The plaintiff is the assignee for the benefit of the creditors of Hazard M. Templeton. Prior to the 9th day of February, 1895, Templeton was indebted to the appellant Hays, upon paper which had been indorsed by said Hays, in the sum of about $2,000. Templeton, finding himself embarrassed in his business, made application to Hays for further assistance by money or indorsement, and Hays at that time indorsed additional notes for him to the amount of $1,600; Templeton then and there giving him, as security for both the prior and the new indorsements, a mortgage upon his house, and also a bill of sale or chattel mortgage upon his personal property, which consisted of goods manufactured, or in process of being manufactured, for the purpose of being sold in Templeton's business. It was agreed at that time that such mortgage and bill of sale should not be placed upon record, but should be retained in the appellant Hays' vault, and that, in case Templeton should be pressed by his other creditors, Hays was to be immediately informed. And it was further agreed between them that Templeton should remain in possession of the property, and should continue to sell and deal with it the same as before, except that Hays advised that he ought not to purchase any additional goods or merchandise. This transaction was on the 19th of February, 1895. Under this arrangement, Templeton continued to do business for some time, manufacturing and selling goods; living out of the proceeds of the business; paying some of his old debts, but none of the defendant Hays', and contracting new ones. Becoming further embarrassed, on the 6th of May, 1895, he made an assignment to the plaintiff herein for the benefit of creditors. Prior to the execution of such assignment, he caused word to be sent to Hays that he was in trouble, and did not believe that he could go on. Hays thereupon met with Templeton and his attorney, when the assignment was being drawn, and requested that Templeton give him a new mortgage or bill of sale of the personal property then in his possession, which Templeton refused to do. The assignment was then executed, and filed in the county clerk's office. Upon the trial it was admitted that on and prior to the 6th day of May, 1895, Hazard M. Templeton was the owner and in possession of all the property replevied in this action, and that the plaintiff, immediately upon the day of the execution of the assignment to him, took actual possession of said property. After the execution of the assignment, Hays claimed the right to the possession of the property described in the bill of sale or chattel

mortgage to him, and demanded the same of the plaintiff; and the plaintiff was apparently advised at that time that Hays had a right to take possession of the property, and accordingly delivered the same to him, but took an account of every article delivered to Hays. Templeton set forth the property so taken by Hays, in the inventory made and filed by him as assignor, with this memorandum added: "The above goods are held by Daniel Hays, as per bill of sale, to secure indorsed paper. Bill of sale dated February 19th, 1895." The trial court found—and I think the evidence sustains it in that finding—that the plaintiff was at that time ignorant of the facts relating to the claim of Hays, and believed, in good faith, that he had a right to the possession of the property mentioned in the bill of sale. Thereafter, Templeton appears to have been examined in supplementary proceedings, when plaintiff became cognizant of the facts in relation to Hays' claim. He thereupon, about the 21st day of May, 1895, demanded possession of such property from Hays, which was refused. In the meantime a judgment had been recovered against Templeton by some of his creditors, and an execution thereon placed in the hands of the defendant Palmer, as sheriff of Fulton county. He made a levy upon such personal property, and took possession, and refused to deliver the same to plaintiff upon demand, but claimed to possess the same by virtue of his levy under such execution, claiming the same to be the property of Templeton. The court has found—and I think the evidence sustains it—that at the time of the execution and the delivery to the appellant Hays of the mortgage and bill of sale or chattel mortgage, on the 19th day of February, 1895, neither Hays nor Templeton contemplated an assignment by Templeton for the benefit of creditors, nor deemed that the same was imminent; and further finds that the assignment for the benefit of creditors was no part of any scheme contemplated by the assignor or the mortgagee to benefit the said mortgagee in any manner, nor as a protection to any fraud, in fact or in law, respecting the giving of the said mortgage, bill of sale, or chattel mortgage, or the retention of either of them from the records.

The contention is made here, upon the part of the appellants, that the assignment was fraudulent and void, and that, therefore, the plaintiff, as assignor, cannot maintain this action. To set aside an assignment upon the ground of fraud, the evidence must establish a fraudulent intent on the part of the assignor at the time of the execution of the instrument, and that fraudulent intent must be proved. It will not be presumed. Shultz v. Hoagland, 85 N. Y. 464. And, where the instrument and the acts of the parties are fairly capable of a construction consistent with innocence and the general rules of law, they should be given that construction, in preference to one which would impute a fraudulent intent, or defeat the general intent and purpose of the conveyance. The instrument must be interpreted according to the intent of the parties, and, if possible, such a construction given to it as will sustain, and not defeat it. Roberts & Co. v. Buckley, 145 N. Y. 215, 29 N. E. 966. The principal acts relied upon to show fraudulent intent are the

execution and giving of the real-estate mortgage and the bill of sale or chattel mortgage to Hays on the 19th of February, with the understanding that they were not to be placed upon record, and that the assignor should continue in possession of the property and merchandise, and continue to deal with them as before, coupled with the fact that, after the assignment was made, Hays was permitted to take possession of the property described and covered by his bill of sale or chattel mortgage. The bill of sale or chattel mortgage was undoubtedly void as against creditors. Mandeville v. Avery, 124, N. Y. 376, 26 N. E. 951; Potts v. Hart, 99 N. Y. 168, 1 N. E. 605; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11. But conceding the bill of sale or chattel mortgage to be void as against creditors, or even fraudulent, that does not necessarily avoid the assignment, although it may be considered in determining whether there was any fraud in the assignment itself. Bank v. Wood, 86 Hun, 491, 33 N. Y. Supp. 777. Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99. And, in considering it as merely evidence of fraud in the assignment, we must take into consideration the circumstances under which it was made, and whether it had any connection with the assignment itself. It appears from the evidence in this case— and the court has found—that, at the time of the execution of such bill of sale or chattel mortgage, neither party considered an assignment imminent, and it was not executed and delivered in contemplation of any future assignment; and the further fact that upon the eve of making the assignment the assignor refused to deliver to Hays a bill of sale in place of it, under which he might take immediate possession of the property. The circumstances attending the interview at that time between Templeton and Hays show, rather, that the assignment so made was in antagonism to Hays' interest under his bill of sale or chattel mortgage, rather than in aid of it. The subsequent delivery by the plaintiff (as assignee of Templeton) to Hays of the property described and covered by the bill of sale or chattel mortgage appears to have been made by the assignee in good faith, and under the impression and belief that Hays was entitled to the same, and not made for the purpose of aiding and assisting in any scheme to hinder, delay, or defraud the other creditors of the assignor, or to commit any fraud upon the assignment itself. The assignment having been properly executed, and apparently in good faith, and the assignee having taken possession of the property under the assignment, his subsequent act in delivering to, or permitting Hays to take possession of it, cannot be held to invalidate it. Hardman v. Bowen, 39 N. Y. 196. The bill of sale or chattel mortgage being void, the title to the property covered by and described in it vested immediately in the assignee. Tremaine v. Mortimer, 128 N. Y. 1, 27 N. E. 1060. And it was not only the right, but the duty, of the assignee to assail such conveyance of the property, and regain possession of it, or its proceeds, for the benefit of the creditors. In re Cornell, 110 N. Y. 351, 18 N. E. 142.

The judgment should therefore be affirmed, with costs. All concur.