MINNEAPOLIS TRUST COMPANY v. SCHOOL DISTRICT NUMBER FIVE OF PINE COUNTY.[1]

June 7, 1897.

Nos. 10,483—(152).

**Assignment for Benefit of Creditors—Validity—Authority of Agent**

An assignment for the benefit of creditors by a debtor, as authorized by the insolvency law of the state, G. S. 1894, § 4240, must be his personal act. He cannot delegate to an agent, by power of attorney or otherwise, authority to decide for him the question of his insolvency, and to select an assignee and make such assignment for him, at the pleasure of such agent. The debtor must exercise his personal judgment as to such matters.

Action in the district court for Pine county, Crosby, J., by the Minneapolis Trust Company, as assignee of Martin Ring, insolvent, against school district No. 5 of Pine county. The action having been dismissed and an order denying a motion for a new trial made, plaintiff appeals. Affirmed.

*F. L. Dennie* and *H. W. Young*, for appellant.
*J. F. Fitzpatrick*, for respondent.

[1] Reported in 71 N. W. 679.

START, C. J.  In June, 1893, Martin Ring entered into a contract with the defendant whereby he agreed to furnish all materials and build for it a schoolhouse, for the agreed price of $8,100, payable $1,000 when the basement was completed, and the balance in instalments of $1,000 on estimates as the work progressed.  He entered upon the execution of this contract, and while so engaged, and on August 2, 1893, he executed and delivered to E. A. Campbell a power of attorney, duly acknowledged, which was in these words:

"Know all men by these presents, that I, Martin Ring, of the city of Minneapolis, Minnesota, have appointed, and by these presents do appoint, make, and constitute, and appoint E. A. Campbell, of the same place, my true and lawful attorney, for me, and in my name, place, and stead, and do hereby authorize the said E. A. Campbell to make, execute, and deliver to such person, persons, or corporation as he may thereby name and appoint, a general assignment for the benefit of my creditors, pursuant to and under the insolvent laws of the state of Minnesota, of all my property and assets not by law exempt from execution, and for me and in my name, or otherwise, as he may deem necessary or expedient, to make, verify, and file in the district court of Hennepin county, Minnesota, all necessary lists and schedules of my debts, liabilities, and assets pursuant to such assignment; hereby granting to my said attorney full power to perform everything whatsoever required and necessary to be done as I might or could do if personally present, without revocation."

After the execution of this power of attorney, he continued in the execution of his contract until September 11th, and on August 5th completed the basement of the schoolhouse, and received from defendant therefor a check for $1,000, but the check was never paid to him. He was at the same time, and until September 11, 1893, engaged in executing other extensive contracts in Minneapolis and elsewhere. On the day last named his attorney in fact, Campbell, executed and acknowledged for him an assignment for the benefit of his creditors in form in substantial compliance with the insolvency law of 1881, to Orlando C. Merriman, who accepted the trust and qualified, but afterwards resigned.  Thereupon the district court of Hennepin county appointed the plaintiff, on October 4, 1893, assignee of Ring, in place of Merriman.  It accepted the trust, and thereafter brought this action to recover $7,200 from the defendant upon its contract with Ring. On the trial the plaintiff, to establish its right to maintain an action

upon this contract, offered in evidence the power of attorney, and the assignment made pursuant thereto. The trial court held the assignment void, for the reasons (a) that the insolvency law of 1881 requires the assignment authorized by it to be the personal act of the assignor; (b) that the power of attorney was not a continuing one, and did not authorize an assignment 40 days after the execution of the power. The action was accordingly dismissed, and the plaintiff appealed from an order denying its motion for a new trial.

The only question raised and discussed by counsel on this appeal is, was this power of attorney legally sufficient to authorize Campbell, at the time he attempted to exercise the power, to execute for Ring a valid assignmnt of all of the latter's property, under the insolvency law of 1881, for the benefit of creditors? Our answer to the question is, no. It must be conceded, as claimed by plaintiff, that, as a general rule, what a party may do in person in regard to his property he may do by his agent duly authorized thereto, and that, as a rule, a party may, by his attorney in fact, make either a common-law or a statutory assignment, unless the statute expressly or by implication forbids it, for the benefit of his creditors. Lowenstein v. Flauraud, 82 N. Y. 494; McKee v. Coffin, 66 Tex. 307, 1 S. W. 276. But where an act authorized by statute must, from its nature or the necessary construction of the statutory authority, be done in person, for example, the statute authorizing a party to make his will, the power to do the act cannot be delegated. Such cases fall within the exception to the general rule that a person may authorize another to dispose of his property for him in any manner he himself may do.

It is manifest, from a consideration of all the provisions of the insolvency law of 1881, that the authority thereby conferred upon a debtor to make the statutory assignment therein provided for forms an exception to the general rule, and it cannot be delegated to another. The act of 1876 regulating common-law assignments for the benefit of creditors provides, G. S. 1894, § 4227, that every such assignment shall be void, unless in writing subscribed by the debtor, and duly acknowledged. The insolvency act of 1881, G. S. 1894, § 4240, provides that, when a debtor shall have become insolvent, he may make an assignment of all of his unexempt property for the benefit of his creditors who shall file releases, and that such assignments shall be

made and acknowledged in accordance with, and be governed, except as therein otherwise provided, by the laws of the state relating to assignment by debtors for the benefit of creditors.   These provisions as to the execution and acknowledgment of the deed of assignment are mandatory.   De Graw v. King, 28 Minn. 118, 9 N. W. 636.

We are not to be understood as holding that the physical act of signing the debtor's name to the deed of assignment must be his personal act, but we do hold that he must personally exercise the statutory authority of making an assignment, and that he cannot delegate to an attorney in fact the power to decide for him when an assignment shall be made, or to determine and declare his insolvency, or to select for him an assignee who shall take possession of his property for his creditors.   These are matters as to which the debtor must exercise his personal judgment.   It would lead to grave abuses if a business man could execute to a favored creditor, or to the attorney or agent of such creditor, a continuing power of attorney to put him into insolvency, select an assignee, and turn over his property to such assignee, at any time, at the pleasure of the attorney.   It was for the reasons suggested, and to guard against such abuses, that the statute requires that the deed of assignment shall be subscribed, that is, personally made, by the debtor.

Again, the power of attorney in this case was not a continuing one. It has reference to the present, not to the future, and to the debtor's present property, not that which he may acquire in the future; and, if the power was valid for any purpose, it was subject to the implied condition that the power must be exercised at once, not 40 days nor 40 months in the future.   The power of attorney being legally insufficient to authorize the execution of the statutory assignment which a debtor is authorized to make by the insolvency law of 1881, it is unnecessary to inquire whether it was valid for any purpose, or whether, as between Ring and Merriman, the assignee named in the deed, any interest in the property of the former passed thereby to the latter, which was voidable only as to creditors.   No such claim is made by the plaintiff.   Besides, if the deed of assignment was void, not voidable, as a statutory assignment, under our insolvency law, the plaintiff has no title to Ring's property, even if it be conceded that Merriman has.   The plaintiff failed by its evidence to establish any right ·

68 M—27.

to recover the debt demanded in this action from the defendant, and its action was rightly dismissed.

Order affirmed.

CANTY, J. (dissenting). I concede that the assignment in question is void, as against the creditors of the assignor, for the reason that he cannot delegate his statutory power to select an assignee; but I see no reason why the assignor may not subscribe the deed of assignment by or through an attorney duly authorized by an instrument executed and acknowledged as the law requires the deed of assignment itself to be. As to delegating the power to determine or declare himself insolvent, there is nothing in the point. If the assignor is in fact insolvent, it is sufficient to support an assignment under the insolvency law of 1881. Whether it was he or his attorney who came to that conclusion is immaterial. But the question whether or not this assignment is void as to creditors is not in this case at all, and counsel have discussed, and the court is deciding, a moot case. The defendant is not a creditor of the assignor, but a debtor, and, in a suit brought against him by the assignee, he attacks the assignment as void. If the assignment is good as between the assignor and assignee, it is good as against defendant, whether it is void as to creditors or not.

On the authority of cases cited by the majority, they concede that a party may by his attorney make a common-law assignment. Such an assignment is still good as between the parties, though not good as against creditors. But even though, as to the creditors, the assignment may be void at common law and under the statute, it will still be good as between the parties. Burrill, Assignm. § 354. This is true even though the assignment is, as to creditors, void on its face. Thus, where the statute declared·an assignment void as to creditors unless the deed of assignment was recorded within 30 days after the execution thereof, it was held, where the deed was not recorded within the prescribed time, that the assignment was good between the parties. Stewart v. McMinn, 5 Watts & S. 100; Seal v. Duffy, 4 Pa. St. 274. So where, under the statute, the assignment was void for the want of a proper affidavit as to the list of creditors, it was held good as between the parties. Chattanooga v. Adams, 81 Ga. 319, 6 S. E. 695. So, when, under the statute, the assignment was void by reason of a

defect in the justification of sureties, it was held valid as between the parties, and passed the title to the property to the assignee. Rumery v. McCulloch, 54 Wis. 565, 12 N. W. 65. So, when an assignee for the benefit of creditors sold the assigned property on credit, it was held that the validity of the sale could not be questioned by the purchaser, or by any one but creditors. Becker v. Holm, 89 Wis. 86, 61 N. W. 307. So, where the assignee's bond wholly failed to comply with the statute, it was held to be a good common-law bond, as between the parties, and that the sureties were liable. Andrews v. Ford, 106 Ala. 175, 17 South. 446.

I have not been able to find any case where an assignment was ever held void for failure to comply with statutory requirements, except when attacked by a creditor. G. S. 1894, § 4227, does not change the rule that an assignment which does not comply with the statute is merely voidable as to creditors. See Aberle v. Schlichenmeir, 51 Minn. 1, 52 N. W. 974, and Olson v. O'Brien, 46 Minn. 87, 48 N. W. 453. The fact that the assignment was not made for 40 days after the execution of the power of attorney has, at most, no greater effect than to make the assignment a partial one; and, as between the parties, it passed to the assignee all the unexempt property which the assignor had at such time as the assignment should have been made under the power, but not, perhaps, such property as he thereafter acquired. The position of the majority, that when Merriman, the original assignee, resigned, and the court appointed plaintiff in his stead, the title to the assigned property did not pass to the latter, is also untenable. A court of equity has power to remove an assignee and appoint another, even though the assignment is void as to creditors. Geisse v. Beall, 3 Wis. 367.