(20 Misc. Rep. 626.)

### In re HIGH FALLS SULPHITE PULP & MINING CO. et al.

(Supreme Court, Special Term, St. Lawrence County. June, 1897.)

ASSIGNMENTS FOR CREDITORS—ACKNOWLEDGMENT—NECESSITY.

    The acknowledgment of a general assignment by a corporation is a statutory requisite, essential to the validity of the assignment ab initio, and liens on the property, subsequent in point of time to a defectively acknowledged assignment, but precedent to a second and valid acknowledgment thereof, have priority over the right of the assignee.

The High Falls Sulphite Pulp & Mining Company, having assigned for the benefit of its creditors, the assignee and certain attaching creditors, viz. the Watertown & Steam Engine Company and Darwin B. Gotham, submit a motion to determine preferences and liens.

Henry Purcell, for attaching creditors.

Ledyard P. Hale, for assignee.

RUSSELL, J. By motion submitted upon agreed facts the assignee and the attaching creditors request the ruling of the court upon the claim of lien and preference upon the assets of the High Falls Company. That company undertook to make an assignment on the 25th day of January, 1897, which was regular in form, and perfect in execution, delivery, and possession by the assignee, except that the acknowledgment was not substantially sufficient as required by law in the case of a corporation. On the 27th day of January the mistake in acknowledgment was corrected by a reacknowledgment in due form, a redelivery, and re-recording; a delivery of possession not being necessary, as the assignee was already in possession. Intermediate, however, in point of time between the two acknowledgments, the attaching creditors, upon attachments duly issued upon judgments, made a levy upon the personalty in the possession of the assignee for more than sufficient to satisfy the judgments, and therefore the question arises as to whether the legal title of the assignee dates from the time of the second acknowledgment or relates back to the original delivery of the assignment in defective form. It is undoubtedly true that at the common law a corporation might make an assignment for the benefit of creditors, where no preferences are given, but full equality is shown; and that, were it not for some statute modifying and controlling the right of the corporation in this state, the original delivery of the assignment might have been given without any acknowledgment whatever. But for reasons of public policy our statutes require a perfect acknowledgment of the instrument where a corporation commits an act of bankruptcy, and disposes of all of its property, in order to vest in the assignee a perfect title, so that the instrument may be properly recorded, and notice publicly given to all of the change of situation. This is so not alone in the case of a corporation, but of private individuals; and the proceedings under the assignment are regulated by general statutory provisions. The statute has been regarded by the courts as an indispensable requirement to the validity of the assignment ab initio, and that such a substantial requisite cannot be supplied afterwards

in order that the validity of the assignment might take effect from the original execution.  Hardmann v. Bowen, 39 N. Y. 196; Rennie v. Bean, 24 Hun, 123.  I do not think the cases cited by the counsel for the company, construing other provisions of the general assignment act as directory only, militate against the authority of the cases cited, or undertake to criticise their effect.  The proper execution by a corporation of a general assignment, and its recording so as to give public notice, are so surely matters of grave substance that we must infer that the legislature designed them to be mandatory.  I am therefore constrained to hold that the attaching creditors obtained the preferential lien by authority of their legal proceedings, and must be first paid out of the assets of the company by the assignee.

Ordered accordingly.