(165 App. Div. 730)

### BAILLARGEON v. DUMOULIN. (No. 361-58.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. CHATTEL MORTGAGES (§ 187*)—INVALIDITY AS TO CREDITORS—POSSESSION BY MORTGAGOR.

A chattel mortgage on a stock of merchandise remaining in the possession of the mortgagor, who continues in business, disposing of the stock and replacing stock and carrying on trade with knowledge of the mortgagee, is fraudulent as against creditors.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 372–392; Dec. Dig. § 187.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 179*)—RIGHTS OF ASSIGNEE OF CHATTEL MORTGAGOR—RIGHTS OF CHATTEL MORTGAGEE.

An assignee for benefit of creditors of an assignor, who had executed a chattel mortgage, fraudulent as against creditors, takes title to the property to enable him to perform the trust unaffected by the mortgage.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 526; Dec. Dig. § 179.*]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 234*)—RIGHTS OF ASSIGNEE OF CHATTEL MORTGAGOR—RIGHTS OF CHATTEL MORTGAGEE.

Where a chattel mortgage executed by an assignor for benefit of creditors was fraudulent as against creditors, there was no consideration for the delivery by the assignee of the mortgaged chattels to the mortgagee, and he could reclaim the goods on discovering the invalidity of the mortgage.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 758–761; Dec. Dig. § 234.*]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 240*)—RIGHTS OF ASSIGNEE OF CHATTEL MORTGAGOR—RIGHTS OF CHATTEL MORTGAGEE.

Where a chattel mortgage executed by an assignor for benefit of creditors was fraudulent, the chattel mortgagee could obtain no title from the assignee in his official capacity, except on the payment of a valuable consideration, and the assignee could dispose of the chattels for the benefit of creditors.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 768; Dec. Dig. § 240.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

**5.** ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 240*)—RIGHTS OF ASSIGNEE OF CHATTEL MORTGAGOR—RIGHTS OF CHATTEL MORTGAGEE.

Where an assignor for benefit of creditors had executed a chattel mortgage fraudulent as against creditors, a promise by the assignee to sell the mortgaged goods for the benefit of the mortgagee was without consideration, and the mortgagee could not enforce it.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 768; Dec. Dig. § 240.*]

Appeal from Trial Term, Clinton County.

Action by Oliver E. Baillargeon against Edward C. Dumoulin. From an order of the Supreme Court, Trial Term (148 N. Y. Supp. 443), setting aside a verdict for plaintiff, and dismissing the complaint, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Fred M. La Duke, of Keeseville, and Francis X. Hennessy, of New York City, for appellant.

Sidney E. Maders and Horatio W. Thomas, both of Keeseville, for respondent.

WOODWARD, J. The complaint alleges that on or about the 16th day of November, 1911, at Keeseville, N. Y., plaintiff delivered to the defendant certain goods, wares, and merchandise, and certain store fixtures, of the value of $900; that these chattels were delivered to the defendant upon the express agreement that defendant would sell the same with reasonable promptness and dispatch and from the avails thereof pay the plaintiff the sum of $775, with interest, less a commission of 5 per cent.; that the defendant sold the goods for the sum of $875, the sale being completed on the 4th day of December, 1911; that the defendant paid to the plaintiff the sum of $400.74 in two payments, and has failed and neglected and refused to pay the plaintiff the balance of said $775, although the same has been demanded; that defendant has converted to his own use the sum of $657.18 of the avails of said sale.

It developed from the defendant's answer, and the matters appearing upon the trial, that prior to January 5, 1911, plaintiff and his brother were copartners in business, which was conducted by them in the village of Keeseville. The partnership was dissolved on that day, the plaintiff selling his interest to the brother, taking a chattel mortgage for $900 on the merchandise in payment of his interest. The merchandise remained in the possession of the mortgagor, who continued in business until the 25th day of September, disposing of the stock of goods, replacing stock, and carrying on the trade with the knowledge of the mortgagee. On the date mentioned the mortgagor in possession made a general assignment for the benefit of creditors, the defendant becoming the assignee. By the terms of the chattel mortgage $25 was to become due every three months, and $125 had been paid on the same at the time of the assignment. On the day following the assignment the plaintiff made a demand upon the defendant, as assignee, for the goods claimed to be covered by the chattel mortgage, threatening at the same time to foreclose his mortgage if the goods

were not delivered. It appears that both parties at or about that time posted notices of sale, and that on or about the 11th day of November, 1911, they met at the store in Keeseville, with their attorneys, and the plaintiff pointed out and caused to be marked the goods which he claimed to be covered by the chattel mortgage, and it is claimed that the defendant, as assignee, thereupon recognized the goods as belonging to the plaintiff, and that he then entered into the contract alleged in the complaint.

There is very little conflict in the evidence as to the material points, except that the defendant, who is sued personally for conversion of the goods, contends that the goods were marked for the purpose of preserving a record, so that the question might be subsequently disposed of, while the plaintiff claims that the defendant took the goods under the terms of the agreement set forth in the complaint. The learned trial court permitted the case to go to the jury upon the plaintiff's theory, and upon the jury finding a verdict in favor of the plaintiff, on motion set aside the verdict and dismissed the complaint. We are of the opinion that the case was properly disposed of by the court.

[1, 2] There can be no question that the chattel mortgage, under the circumstances, was fraudulent and void as against creditors, as a matter of law. Zartman v. First Nat. Bank, 189 N. Y. 267, 273, 82 N. E. 127, 12 L. R. A. (N. S.) 1083, and authorities there cited. The defendant was in possession in the capacity of a trustee for the protection of the rights of the creditors. He bought nothing and paid nothing, but took title for the performance of trust duties. Brown v. Guthrie, 110 N. Y. 435, 441, 18 N. E. 254. His relation to the property was known to the plaintiff, the demand upon him was made in his capacity of assignee on the day following the assignment, and it requires no citation of authority for the proposition that one cannot take trust property from a trustee without rendering an equivalent. He cannot be permitted to deal with trust property to the detriment of the trust estate.

[3] The chattel mortgage being fraudulent and void as to the persons represented by the defendant, it was the same as though it had no physical existence, for a void thing is no thing, and there was, therefore, no consideration whatever for the alleged delivery of the goods to the plaintiff, and if the latter's version is true, and the defendant, as assignee, actually delivered the goods to him, it was the duty of the defendant, as such assignee, to reclaim the goods upon discovering the true facts in relation to the chattel mortgage. Zimmer v. Hays, 8 App. Div. 34, 37, 39, 40 N. Y. Supp. 397, and authority there cited; Wetmore v. Porter, 92 N. Y. 76, 83–84.

[4, 5] The plaintiff, who could get no title from the defendant in his capacity of assignee for the benefit of creditors, except upon the payment of a valuable consideration without notice (Wetmore v. Porter, 92 N. Y. 84), gained no right by reason of his fraudulent chattel mortgage, and the defendant properly disposed of the goods for the benefit of the creditors. The fact that he has paid to the plaintiff more than his ratable share of the proceeds of such sale, as a creditor of the assignee, does not change the situation so far as this action is concerned. The plaintiff, not owning the goods which the defendant concededly sold, has no standing in this court in this action. The agree-

ment of the defendant to sell the goods for the benefit of the plaintiff, if it was made, was without consideration and in disregard of his duties as assignee, and he had a right at any time to recede from such a position.    Wetmore v. Porter, 92 N. Y. 85.

The judgment appealed from should be affirmed, with costs.    All concur.