## GOLIN v. FLORENCE TRADING CORPORATION.

### No. 264.

Circuit Court of Appeals, Second Circuit

May 27, 1942.

Abraham Kleinberg, of New York City (Reuben Golin, of New York City, of counsel), for trustee.

David Harrison, of New York City, for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The question presented by this appeal is whether a summary proceeding may be maintained by the trustee in bankruptcy of G. E. Grober Elevators, or whether he must resort to a plenary suit. The respondent, in 1939, loaned G. E. Inc., a sum of money, taking in return notes secured by a chattel mortgage. The mortgage was properly filed on June 8, 1939, but upon refiling it on June 7, 1940, the respondent failed to comply with the requirements of § 235 of the New York Lien Law, Consol. Laws c. 33. This defect rendered the mortgage void

as to creditors. See In re Parkway Knitting Mills, Inc., 2 Cir., 119 F.2d 605.

For several days before April 7, 1941, there were conversations between respondent's attorney, Harrison, and one Kaiser—a member of the law firm of Kaiser & Holzman, which was defending G. E. Inc., in a state court replevin action brought by respondent—to induce G. E. Inc., to take up the mortgage. Kaiser said that his partner Holzman was negotiating on behalf of G. E. Inc., concerning an assignment for the benefit of creditors, and that if the assignment were made, he could "arrange for the estate to have that mortgage picked up." The contemplated assignment was made on Saturday, April 5, and was filed the following Monday morning. Maurice Neckritz, the assignee, retained Holzman as his attorney. The same afternoon Kaiser went to the office of Harrison, respondent's attorney, and tendered checks for $2,100 payable to respondent and for $10 payable to Harrison. Both checks were drawn on a special account in the firm name of Kaiser & Holzman, and were for amounts which had been agreed upon between respondent's attorney and Kaiser on the afternoon of April 5. The mortgage was thereupon assigned to Kaiser as "attorney at law," and a stipulation discontinuing the replevin action was signed. Subsequently Kaiser reassigned the mortgage to Neckritz, the assignees, who sold the chattels involved free and clear of the lien, reimbursing Kaiser out of the proceeds for his expenses in acquiring the mortgage. Three months later an involuntary petition in bankruptcy was filed against G. E. Inc., and the appellant was appointed trustee.

The appellant moved in the bankruptcy proceeding for an order directing the respondent to turn over the sum of $2,110, on the theory that the payment of this amount to respondent by Kaiser constituted a diversion of assets of the bankrupt estate, improper because the mortgage could not be enforced against either the assignee or a trustee in bankruptcy. The referee, without passing on the merits of the claim, held "very reluctantly" that it could not be decided in a summary proceeding, and that the trustee would have to proceed by way of plenary suit. The District Judge agreed with this decision, and so do we. There is no suggestion that the bankrupt's money was used to pay the respondent, as, for example, in Baillargeon v. Dumoulin, 165 App. Div. 730, 151 N.Y.S. 112; on the contrary, Neckritz testified "No, it wasn't our money * * * I said the estate had no funds at that time." Kaiser undoubtedly intended to obtain reimbursement from the assignee, but, so far as it appears, he used his own money to take up the mortgage and took his chances. If bankruptcy had intervened, he would have been saddled with a mortgage which he could not have enforced, since he took with knowledge of its infirmity. Even if he acted on behalf of Neckritz in purchasing the mortgage, we doubt whether he could have enforced any agreement for his reimbursement against the estate; and, after being paid, he could probably have been compelled to disgorge the payment (cf. Baillargeon v. Dumoulin, supra), since obviously an invalid lien cannot be validated merely by being passed through the hands of a conduit. But on the record before us, we must hold that the respondent is an adverse claimant, although of course a full presentation may demonstrate that it knew or should have known that it was transferring the mortgage to the estate itself rather than to a third party. Its defense, at any rate, is more than "colorable," and it is therefore entitled to have the issues determined in a plenary suit. See Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; 2 Collier on Bankruptcy, 14th Ed. 1940, 499ff.

The order is affirmed.